# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**JERMAIN D. LEWIS**                                                                   **PLAINTIFF**

**V.**                          **NO: 5:17-CV-00175 JLH/PSH**

**KIMBERLY LUM,** *et al.*                                          **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Jermain Lewis ("Lewis"), an inmate at the Arkansas Department of Correction's Delta Regional Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was put on work duty in cold and windy conditions on May 5, 2017. *See* Doc. No. 2 at 3. Lewis also claimed that defendant Kimberly Lum made a false claim against him in a disciplinary. *Id.* Because Lewis' complaint did not allege enough facts to determine if he stated a claim for relief, the Court ordered Lewis to file an amended complaint describing the facts supporting his claim that defendant Lum made a false claim against him in a

disciplinary and explaining why he sues Lum in both her official and personal capacities. *See* Doc. No. 3. Lewis subsequently filed a one-page affidavit stating that on May 19, 2017, a Sergeant Perkins did not allow him to go to the restroom while he was in the law library, and because of this, he wet himself and sat in wet clothing for 45 minutes. *See* Doc. No. 6. The affidavit was docketed as an amended complaint. Although Lewis did not comply with the Court's order by filing an amended complaint with the information required by the Court, the Court screens Lewis' claims and finds that Lewis fails to describe facts sufficient to state a claim for relief in either complaint.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured

by the United States Constitution or by federal law. 42 U.S.C. § 1983. Lewis claims that his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution was violated when he was forced to work in cold and windy weather without appropriate protective clothing and when he was not allowed to go to the restroom while in the law library. Lewis also claims that Lum made a false claim in a disciplinary filed against him.

*Eighth Amendment.* In order to support an Eighth Amendment violation, a plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.' . . . The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)). "[D]iscomfort compelled by conditions of confinement, without more, does not violate the amendment." *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)). With respect to unclean conditions, the length of time a prisoner is exposed to unsanitary conditions is relevant to the Court's analysis as is the extent of the unclean conditions. *See Owens v. Scott County Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003).

Lewis has not alleged facts showing that he was denied life's necessities such as food, shelter, and water or that he has suffered the unnecessary or wanton infliction of pain. While he may have been uncomfortable working outside for three or four hours on a cool windy day without protective clothing or by sitting in wet clothing for 45 minutes, the facts he alleges are insufficient

3

to state an Eighth Amendment claim. Specifically, the facts alleged by Lewis are distinguishable from those cases finding an Eighth Amendment violation where prisoners were forced to work outside without adequate clothing in sub-freezing temperatures or winter conditions. *See e.g.*, *Chandler v. Moore*, 2 F.3d 847, 848 (8th Cir. 1993) (inmate's claims that he was forced to stand outside in the rain and freezing cold without adequate protective clothing sufficient to state a claim for relief); *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa), aff'd, 973 F.2d 686 (8th Cir. 1992) (ordering prisoners outside in sub-freezing weather without hats or gloves for over one hour is an Eighth Amendment violation); *Knop v. Johnson*, 667 F. Supp. 467 (W.D. Mich. 1987) ("Inmates exposed to harsh winter conditions without proper winter clothing may indeed suffer 'inflictions of pain' that are 'totally without penological justification,' in violation of the Eighth Amendment."). Lewis alleges it was cold and windy in mid-Spring, not that there were freezing or harsh winter conditions.[1]

Furthermore, Lewis alleges no injury as a result of these incidents. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). Lewis' Eighth Amendment claims should therefore be dismissed for failure to state a claim upon which relief may be granted.

*False Disciplinary.* Lewis alleges that Lum made a false claim against him in a disciplinary. Although given an opportunity to do so, Lewis provides no facts to support this claim and does not articulate why he believes his constitutional rights were violated by Lum's actions.

---

[1] The Court takes judicial notice that the temperature ranged from 48 degrees Fahrenheit to 75 degrees Fahrenheit on May 5, 2017, near Dermott, Arkansas. *See* Fed. R. Evid. 201; https://www.wunderground.com/history/airport/KLLQ/2017/5/5/DailyHistory.html?req_city=Dermott&req_state=AR&req_statename=Arkansas&reqdb.zip=71638&reqdb.magic=1&reqdb.wmo=99999.

Accordingly, his complaint fails to state a claim with respect to the false disciplinary claim and should be dismissed.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1.  Lewis' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.  Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 7th day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE